# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

              Plaintiff,

                                  Crim. No. 11-89 (RHK/LIB)
                                  **ORDER**

v.

Jerilee Jane Head,

              Defendant.

      Defendant is charged in this action with being an accessory after the fact under 18 U.S.C. § 3, for allegedly harboring Donald Leigh Clark, Jr. after he committed the crime of discharging a firearm during a crime of violence. Clark has pleaded guilty to that crime and is awaiting sentencing.

      Trial in *this* matter is scheduled to commence on January 23, 2012. Defendant has now submitted a proposed jury instruction requesting the Court inform the jury that Clark was innocent of the underlying crime if he acted in self-defense. The Court will not give such an instruction. Having pleaded guilty to the crime, it is now beyond dispute that Clark did *not* act in self-defense.

      Defendant has suggested, however, that evidence of self-defense is admissible here because knowledge is an element of the crime of accessory after the fact. She asserts that if she *believed* Clark acted in self-defense, she cannot be guilty as an accessory because

the Government cannot prove she knew "an offense against the United States ha[d] been committed." 18 U.S.C. § 3. The Court does not agree.

In order to obtain a conviction in this case, the Government need not prove Defendant was aware Clark's conduct *was unlawful*. Rather, it must only prove she was aware of the *facts* satisfying the elements of the underlying crime to which Clark has pleaded guilty. See, e.g., United States v. Vanschoyck, 309 F. App'x 23, 26 (7th Cir. 2009) ("The defendant merely needs to know about the conduct underlying the crime, not that the conduct itself constituted a crime against the United States."); United States v. Graves, 143 F.3d 1185, 1190 (9th Cir. 1998) ("[T]he government must prove beyond a reasonable doubt that the accessory was aware that the offender had engaged in conduct that satisfies the essential elements of the primary federal offense. To put it more precisely, the accessory must know that the offender had engaged in the conduct that constitutes the federal offense – though not necessarily that such conduct constitutes a federal offense.").

For this reason, Defendant's (alleged) belief that Clark acted in self-defense is irrelevant to the instant offense. If Defendant knew that Clark engaged in conduct satisfying each of the elements of discharging a firearm during a crime of violence, that knowledge would not change if she thought he was engaged in self-defense – the conduct (and her knowledge thereof) would be precisely the same. Moreover, self-defense serves only to legally justify activity that would otherwise be unlawful; in other words, it transforms illegal conduct into legal conduct as a matter of law. Yet, in order to be guilty

as an accessory after the fact, knowledge that the underlying conduct is unlawful is not required. Defendant's (purported) belief that Clark acted in self-defense would mean only that she thought his conduct lawful, not that she was unaware he had engaged in that conduct.

For these reasons, the Court will not instruct the jury regarding self-defense, nor will defense counsel be permitted to argue it (or offer evidence regarding it) to the jury.


Dated: January 22, 2012                    s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge